**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-03262-DDD

JOSE CANO ESTEBAN,

Petitioner,

v.

JOHN DOE, Warden of the Denver Contract Detention Facility; and
ATTORNEY GENERAL OF THE UNITED STATES,

Respondents.

---

**ORDER GRANTING WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Doc. 1. The respondents were ordered to show cause why the petition should not be granted. Doc. 5. On August 6, 2026, the respondents filed a Response. Doc. 9. For the reasons stated below, the petition is granted.

The petitioner is confined at an immigration detention facility in Aurora, Colorado. Doc. 1 at 1. He contends he is being unlawfully detained in violation of the Due Process Clause of the Fifth Amendment. *Id.* at 2. The petitioner alleges he has been denied the opportunity to seek bond. *Id.* at 11. As relief the petitioner seeks immediate release from detention or, alternatively, an order directing the respondents to provide a bond hearing.

The respondents do not address the merits of the petitioner's claim. *See* Doc. 9 at 1 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondents recognize that

the Court may then decide to grant the Petition and award appropriate relief." *Id.* Citing the recent decision of the United States Court of Appeals for the Tenth Circuit in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the respondents state "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.* at 1-2.

Because the respondents do not contest the petitioner's claim challenging the lawfulness of his detention, the Petition will be granted. The Court agrees with the respondents that, because the petitioner's removal proceedings are pending and he properly can be subject to detention under Section 1226(a), the appropriate relief is an order directing the Government to either provide a bond hearing within seven days or release the petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him").

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 5, is **MADE ABSOLUTE**, and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, **Doc. 1**, is **GRANTED**;

The respondents must provide the petitioner a bond hearing before an immigration judge within **seven days** from the date of this Order. At the bond hearing, the Government must bear the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence.[1] If the respondents do not

[1] *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 40 (1st Cir. 2021); *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *2, *5 (D. Colo. May 12, 2026); *Guevara Gacia v. Bondi*, No. 1:26-cv-01012-SKC, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026); *Barreno v. Baltasar*, No. 025-

provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, the petitioner must be immediately released from detention; and

The respondents must file a status report within **three days** after the petitioner's bond hearing or release stating: (1) the results of any bond hearing that was conducted or, if no hearing was held, the date the petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: August 14, 2026

BY THE COURT:

Daniel D. Domenico
Chief United States District Judge

---

cv-03017-GPG-TPO, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025); *Diaz-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211, at *11 to *12 (D. Colo. July 2, 2019); *cf. United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).